IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUPPLY CHAIN PRODUCTS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. MC-21-1-D |
| ) | |
| LOVES TRAVEL STOPS, ) | |
| ) | |
| Defendant.¹ ) | |

## ORDER

Before the Court is a Motion to Compel Compliance with Rule 45 Deposition Subpoena from Non-Party Love's Travel Stops [Doc. No. 1] filed by Supply Chain Products, LLC ("SCP"). The respondent, Love's Travel Stops ("Love's"), has filed a response in opposition [Doc. No. 10], to which SCP has replied [Doc. No. 12]. The matter is now at issue.

## BACKGROUND

This action seeks to enforce a subpoena issued in connection with a civil proceeding currently pending in the United State District Court for the Southern District of New York. The movant is the plaintiff in the foreign action, *Supply Chain Products, LLC v. NCR Corporation*, Case No. 19-cv-11376(ALC)(JLC), and the respondent is a nonparty to that action. In the New York case, SCP alleges that it entered into a software license agreement with NCR Corporation ("NCR") which granted NCR the right to re-license SCP's invoice

---

[1] Although Supply Chain Products, LLC has styled this action using the terms Plaintiff and Defendant, Love's is actually a nonparty upon whom a subpoena has been served. Accordingly, the parties are more properly styled as "movant" and "respondent."

reconciliation software, referred to as "Balances" or "Power Invoice Reconciliation."[2] The software license agreement also provided that NCP would not sell any product that is similar to Power Invoice Reconciliation. SCP contends that Love's purchased licenses to its software and to other software sold by NCR. However, because Love's never installed Power Invoice Reconciliation, it believes that Love's is using the NCR software for invoice reconciliation purposes. If this is the case, SCP argues that it could be used as evidence that NCR breached the software license agreement.

On February 24, 2021, SCP served Love's with a subpoena pursuant to Fed. R. Civ P. 45 requesting that Love's produce certain documents and appear at a deposition. Although Love's objected to the subpoena on several grounds, it produced some documents in response. Counsel for Love's also stated to SCP's counsel that Love's does not use Power Invoice Reconciliation software. Unsatisfied with these responses, and apparently unwilling to narrow their requests, SCP now moves to compel Love's to produce a witness to testify to the following deposition topics listed in the subpoena: (1) how Invoice Reconciliation is accomplished for Love's; (2) Love's decision to use Power Invoice Reconciliation or different software to perform Invoice Reconciliation; (3) Love's license agreement(s) with NCR; (4) each software product that Love's uses to perform Invoice Reconciliation and the number of stores or warehouses in which it uses that software; (5) Love's relationship with NCR; (6) Love's relationship with SCP; and (7) Communications

---

[2] SCP's brief refers to the software as "Balances" or "Prompt" but the subpoena identifies the software as "Power Invoice Reconciliation." Because SCP provides no explanation as to why it uses different terms, the Court assumes these are one and the same.

between Love's and NCR regarding SCP and/or Power Invoice Reconciliation. Love's argues that these deposition topics are irrelevant, overly broad, unduly burdensome, and seek confidential and proprietary information.[3]

## STANDARD OF DECISION

Rule 45 authorizes this Court to enforce, quash, or modify the subpoena commanding Love's to produce a witness for deposition.[4] *See* Fed. R.Civ.P. 45(d)(3). Because a subpoena served on a third party pursuant to Rule 45 is considered discovery within the meaning of the rules, *Ward v. Liberty Ins. Corp.*, No. CIV-15-1390-D, 2018 WL 991546, at *1 (W.D. Okla. Feb. 20, 2018), the scope of discovery in Rule 26(b)(1) applies:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ.P. 26(b)(1). "While the court has considerable discretion with regard to regulating discovery which is exchanged in a lawsuit, discovery from third-parties in particular must, under most circumstances, be closely regulated." *Curtis v. Progressive N.*

---

[3] SCP does not move to compel production regarding the document requests in the subpoena.

[4] Fed. R. Civ. P. 45(d)(3)(A) provides that "the court for the district where compliance is required must quash or modify a subpoena that…subjects a person to undue burden." The subpoena indicates that the place of compliance for the deposition is Oklahoma City, Oklahoma. Accordingly, the place of compliance is located within the Western District of Oklahoma.

*Ins. Co.*, No. CIV-17-1076-C, 2018 WL 2976432, at *1 (W.D. Okla. June 13, 2018) (quotation omitted).

## DISCUSSION

Essentially, SCP is seeking information as to Love's use of NCR's invoice reconciliation software as a means of demonstrating that NCR breached the license agreement. The deposition topics, however, are not limited to discovering information about the software products sold by NCR or SCP. For example, Topic 1 of the subpoena seeks information as to how invoice reconciliation is accomplished at Love's; Topic 2 seeks information regarding Love's decision to use Power Invoice Reconciliation or another software; and Topic 4 seeks information regarding each software product that Love's uses to perform invoice reconciliation. None of these topics are limited to a particular time frame. These broadly framed requests would encompass not just Love's use of NCR products, but also information about reconciliation software and processes used by Love's that are potentially completely unrelated to NCR or SCP. SCP fails to offer an adequate explanation as to why it would need information regarding software reconciliation processes unrelated to NCR or SCP. In their current form, the deposition topics exceed the permissible scope of discovery as they seek information that is likely irrelevant to the claims in the underlying lawsuit.

Love's proposes that if the Court declines to quash the subpoena, it should at least limit the topics to Love's use or non-use of SCP and NCR software. In certain situations, "modification of an overbroad subpoena might be preferable to quashing," although "courts are not required to use that lesser remedy first." *Tiberi v. CIGNA Ins. Co.*, 40 F.3d

110, 112 (5th Cir. 1994). Here, the Court concludes that modifying the subpoena as suggested by Love's would adequately narrow the topics. Accordingly, all deposition topics listed in the subpoena are limited to Love's use or non-use of SCP and NCR software products. These topics do not extend to third-party or proprietary invoice reconciliation software that does not involve SCP or NCR products.

Love's additionally argues that producing a witness to testify would be unduly burdensome and would involve the disclosure of proprietary information. "As the party resisting discovery, [Love's] has the burden to show facts demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 641 (D. Kan. 2003). Love's represents that it would be difficult to prepare a witness to testify regarding topics that potentially involve information unique to its numerous locations. SCP responds that it is not interested in minor differences and only seeks information on an enterprise basis. This concession, along with the Court's more narrowly defined topics, sufficiently addresses Love's burdensomeness concerns. Further, Love's has not shown that it would be unduly burdensome to produce a witness to testify on other topics, such as its relationship with NCR or SCP or communications it had with NCR regarding Power Invoice Reconciliation.[5]

Finally, modifying the subpoena as described above lessens the likelihood that proprietary information will be disclosed. However, to the extent that is an issue, it appears that a protective order entered in the underlying case already protects this information. If

---

[5] Love's request for fees and costs is denied.

not, Love's is free to move this Court for a separate protective order. *See* Fed.R.Civ.P. 26(c); *Vermeer Mfg. Co. v. Toro Co.*, No. CIV-19-855-D, 2020 WL 1236312, at *6 (W.D. Okla. Mar. 13, 2020).

## CONCLUSION

IT IS THEREFORE ORDERED that Supply Chain Products, LLC's Motion to Compel Compliance with Rule 45 Deposition Subpoena from Non-party Love's Travel Stops [Doc. No. 1] is GRANTED, subject to the modifications to Topics 1 through 7 as detailed herein. Supply Chain Products, LLC's Motion to Expedite Ruling on Plaintiff's Motion to Compel Compliance with rule 45 Deposition Subpoena [Doc. No. 5] is DENIED as moot.

**IT IS SO ORDERED** this 17th day of August, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge